# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CARLA PURNELL and TANISHA SLAUGHTER,** individually and on behalf of all other similarly situated individuals,<br><br>Plaintiffs,<br><br>vs.<br><br>**CLEARVIEW CENTERS, LLC; 1334 WESTWOOD, LLC; 2432 WALNUT LLC; 2435 GLYNDON, LLC; QUAINT LLC; and MICHAEL ROY, etc.**,<br><br>Defendants. | Case No.: 2:18-cv-01172 DSF (SSx)<br><br>**FINAL APPROVAL ORDER AND JUDGMENT** |

The Court has read and considered the Motion for Final Approval of Class/Collective Action Settlement submitted by Carla Purnell and Tanisha Slaughter on behalf of themselves and the similarly situated employees of Defendants Clearview Centers, LLC; 1334, LLC; 2432 Walnut, LLC; 2435 Glyndon, LLC; Quaint LLC, and Michael Roy. The Court preliminarily approved the Parties' Settlement and their proposed resolution of Plaintiffs' class, collective, and representative claims on behalf of the California Class Members and FLSA Collective Members (the Settlement Class Members).

In accordance with the order granting preliminary approval, and in compliance with due process, the Settlement Administrator sent the Class Notice to

each California Class Member and FLSA Collective Member by first-class mail. The Class Notice informed California Class Members and FLSA Collective Members of the terms of the Settlement, the right to participate in the Settlement, the right to object to the Settlement, the right to request exclusion and pursue their own remedies, and the right to appear in person or by counsel at the hearing regarding final approval of the Settlement.

The Court therefore orders, adjudges, and decrees that:

1. Initial-capitalized terms in this order shall have the same meaning as assigned to them in the Settlement Agreement.

2. The Settlement Administrator has fulfilled its initial notice and reporting duties under the Settlement Agreement.

3. The Class Notice: (i) was the best practicable notice under the facts and circumstances of this case; (ii) was reasonably calculated to apprise California Class Members and FLSA Collective Members of the pendency of the Action, their right to participate in the Settlement, their right to exclude themselves from the Settlement, and their right to object to, and/or appear at the Final Approval Hearing for, the Settlement; and (iii) constituted due, adequate, and sufficient notice of a class/collective settlement under Federal Rule of Civil Procedure 23, 29 U.S.C. section 201, *et seq.*, due process, and any other applicable rules or law. Only three individuals asked to exclude themselves from the Settlement, and no individuals objected to the Settlement.

4. The notice of settlement served by Plaintiffs on the California Labor and Workforce Development Agency ("LWDA") satisfied the requirements of PAGA. The LWDA has expressed no objection to the Settlement.

5. The notice of settlement served by Defendants on the United States and applicable state attorneys general satisfies the requirements of the Class Action Fairness Act. The attorneys general have expressed no objections to the Settlement.

6. The terms of the Settlement are fair, reasonable, and adequate, and the standards and applicable requirements for final approval of this class and collective action settlement are satisfied, including the provisions of Rule 23 of the Federal Rules of Civil Procedure and the provisions of 29 U.S.C. section 201, *et seq*.

7. The Settlement has been reached as a result of intensive, serious, and non-collusive, arms-length negotiations and was achieved with the aid of an experienced mediator. The Settlement was entered into in good faith as to each California Settlement Class Member and FLSA Settlement Collective Member.

8. Counsel are experienced class action litigators and have expressed the view that the Settlement is fair, reasonable, and adequate.

9. Taking into consideration the nature of the Plaintiffs' claims; the nature of Defendants' defenses; the expense, complexity, and likely duration of further litigation; and the risk of attaining and maintaining class action status throughout the litigation, the amounts paid under the Settlement are fair and reasonable. Moreover, the allocation of settlement proceeds among the California Settlement Class Members and FLSA Settlement Collective Members is fair, adequate, and reasonable. The fact that a settlement represents a compromise of the Parties' respective positions rather than the result of a finding of liability at trial also supports the Court's decision granting final approval.

10. The Court appoints Plaintiffs as representatives of, and Class Counsel as counsel for, the California Settlement Class Members and the FLSA Settlement Collective Members for the purpose of entering into and implementing the Settlement.

11. The Settlement Administrator is to execute the distribution of proceeds pursuant to the terms of the Settlement.

12. As of the Effective Date, the Plaintiffs, California Settlement Class Members, and the FLSA Settlement Collective Members, and their legally authorized representatives, heirs, estates, trustees, executors, administrators,

principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf, regardless of whether they have received actual notice of the proposed Settlement, have conclusively compromised, settled, discharged, and provided: the Complete and General Release (in the case of Plaintiffs); the release of California Settlement Class Members' Released Claims (in the case of the California Settlement Class Members); and release of FLSA Settlement Collective Members' Released Claims (in the case of FLSA Settlement Collective Members who cash their Individual Settlement Payments) against Defendants and the Released Parties, and are bound by the provisions of the Settlement Agreement.

13. Payment to the California Labor and Workforce Development Agency of $7,500.00 as its share of the settlement of claims arising under the California Private Attorneys General Act in this case is fair, reasonable, and adequate. That amount shall be paid from the Total Settlement Amount in accordance with the Settlement Agreement and this Court's orders, and there shall be no further recourse for the civil penalties released under the terms of the Settlement.

14. The fees, expenses, and any other costs of CPT Group, Inc. in administering the Settlement, in the amount of $8,500.00, are fair and reasonable. That amount shall be paid out of the Total Settlement Amount in accordance with the Settlement Agreement, which shall fully, finally, and completely compensate CPT Group, Inc. for all fees, expenses, and any other costs in administering the Settlement.

15. The Court approves the payment of class representative service awards in the amount of $750.00 to each of the Named Plaintiffs (in addition to any recovery they may receive as a member of one or more of the classes under the Settlement and their Retaliation Claims Payments).

16. The Court approves the payment of Retaliation Claims Payments in the amount of $20,000.00 to each of the Plaintiffs (in addition to any recovery they may

receive as a member of one or more of the classes under the Settlement and their class representative service awards) in exchange for their general release to Defendants including their release of any retaliation claims related to their termination of employment by Defendants.

17. The Court approves the payment of attorneys' fees to Class Counsel in the amount of 25% of the Total Settlement Amount less their litigation costs, i.e. $107,647.08, and litigation costs of $16,411.68 to be paid in the manner set forth in the Settlement Agreement to the extent it is not inconsistent with this Courts orders. No other attorneys or law firms shall be entitled to any award of attorneys' fees or costs from Defendant in any way connected with this Action.

18. The Settlement Agreement and this Final Approval Order and Judgment shall have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings that encompass any of Plaintiffs' claims, the California Settlement Class Members' Released Claims, and the FLSA Settlement Collective Members' Released Claims, whether those lawsuits or proceedings are maintained by or on behalf of Plaintiffs, the California Settlement Class Members, and/or the FLSA Settlement Collective Members. The Settlement Agreement and this Final Approval Order and Judgment shall be binding on Plaintiffs, California Settlement Class Members, and FLSA Settlement Collective Members, their heirs, estates, trustees, executors, administrators, principals, beneficiaries, representatives, agents, assigns, and successors, and/or anyone claiming through them or acting or purporting to act for them or on their behalf.

19. Plaintiffs, the California Settlement Class Members, and the FLSA Settlement Collective Members are permanently barred from filing, commencing, prosecuting, intervening in, or participating (as class members or otherwise) in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction based on the claims released in the Settlement Agreement.

20.    The Settlement, and any proceedings undertaken pursuant to it, may not be offered, received, or construed as evidence of a presumption, concession, or an admission by any Party of liability or non-liability; the certifiability or non-certifiability the class and collective claims resolved by the Settlement; the manageability or non-manageability of the PAGA representative claims resolved by the Settlement; provided, however, that reference may be made to this Settlement in such proceedings as may be necessary to effectuate the provisions of this Settlement.

21.    This Final Approval Order and Judgment shall be entered forthwith, dismissing this Action with prejudice.

22.    Without affecting the finality of the Final Approval Order and Judgment, the Court retains continuing jurisdiction over Plaintiffs, Defendants, the California Settlement Class Members, and the FLSA Settlement Collective Members as to all matters concerning the administration, consummation, and enforcement of this Settlement Agreement.

23.    If this Order is reversed on appeal or the Settlement Agreement is terminated or is not consummated for any reason, the foregoing certification of claims, appointment of class representatives and appointment of class counsel shall be void and of no further effect, and the parties shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the parties might have asserted but for the Settlement.

IT IS SO ORDERED.

DATED: May 21, 2019

_____
Honorable Dale S. Fischer
UNITED STATES DISTRICT JUDGE